UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLIOT M. HIRSCH,<br><br>         Plaintiff,<br><br>  -against-<br><br>JAY R. BUTTERMAN, et al.,<br><br>         Defendants. | 1:22-cv-07897 (JLR)<br><br>**TRANSFER ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff brings this action *pro se*, asserting claims of defamation, intentional infliction of emotional distress, and civil conspiracy against Elizabeth M. Kairey, his estranged wife, and Jay R. Butterman, Esq., Kairey's attorney. *See* ECF No. 2 ¶¶ 1, 7, at 14. Plaintiff filed with his Complaint an application for an Order to Show Cause for a preliminary injunction. ECF Nos. 4, 5. By Order dated September 16, 2022, the Court granted Plaintiff *in forma pauperis* status. ECF No. 6. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *Id*. at 82, 90 (affirming *sua sponte* transfer of *pro se* action); *see Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established."). In determining whether to transfer a case, courts consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corely*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Venue in this action is proper in the Southern District of New York and Eastern District of New York under 28 U.S.C. § 1391(b)(1). Plaintiff alleges that both Defendants reside within New York State. *See* ECF No. 2 ¶ 5; ECF No. 7 at 1. He alleges that Kairey resides in Kings County, New York, which lies within the Eastern District of New York,[1] and that Butterman resides within this judicial District.[2] *See* ECF No. 2 ¶ 5; ECF No. 7 at 1. Accordingly, venue is proper under Section 1391(b)(1) in this District and the Eastern District of New York.

---

[1] The Eastern District of New York includes Kings County, New York. *See* 28 U.S.C. § 112(c).

[2] The Southern District of New York comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester. *See* 28 U.S.C. § 112(b).

2

Venue is also proper in both districts under 28 U.S.C. § 1391(b)(2).  Plaintiff complains that Butterman sent a "defamatory" email and attachment to various New York State officials.  ECF No. 2 ¶¶ 6-7.  Butterman allegedly wrote the email in New York County.  *Id*.  The email attachment is an affidavit signed by Kairey and notarized in Kings County.  *Id*. at 15.  Together, the email and attachment appear to concern civil actions by Kairey against Plaintiff in New York Supreme Court, Kings County.  *Id*. at 13-17.  Recipients of the email include, *inter alia*, "KingsCountyClerkInfo@nycourts.gov".  *Id*. ¶ 8.  Plaintiff further alleges that email recipients, "documents, meetings and witnesses" are located in New York County.  *Id*. ¶ 6.  Accordingly, venue is proper in this District and the Eastern District of New York because a substantial part of the events or omissions giving rise to the claims occurred therein.  *See* 28 U.S.C. § 1391(b)(2).

Under Section 1404(a), transfer of this case to the Eastern District of New York is appropriate.  The locus of operative facts is in Kings County, where the state civil actions involving Plaintiff and Defendants are taking place, the Kairey affidavit was notarized, and at least some of the recipients of the Butterman email are located.  *See* ECF No. 2 ¶¶ 4, 8, 42, at 13-15.  Kings County likely serves the convenience of the parties and potential witnesses and ease of access to sources of proof, and it is where Kairey resides.  *Id*.  Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff resides in New Jersey and not in this District.  *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006).  And notably, this case appears to be related to other cases commenced by Plaintiff against Kairey and Butterman that are currently pending in the Eastern District of New York.  *See Hirsch v. Kairey, et al.*, 1:22-cv-5064 (E.D.N.Y.) (Kairey and Butterman named as defendants); *Hirsch v. Beda, et al.*, 1:22-cv-5011 (E.D.N.Y.) (Kairey named as a defendant; transferred from the D.N.J.).

Based on the totality of circumstances, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Eastern District of New York.  *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York.  Whether Plaintiff's application for preliminary injunctive relief should be granted is a determination to be made by the transferee court.  A summons shall not issue from this Court.  This order closes this case in this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 26, 2022
        New York, New York

_____
JENNIFER L. ROCHON
United States District Judge